## EX PARTE RIEGER.

## APPEAL from the District Court of San Juan.

### No. 110.—Decided May 12, 1904.

DOMINION TITLE—POSSESSION TO ACQUIRE THE SAME—PRESCRIPTION.—Possession by the petitioner for the period of three months is not sufficient to acquire the ownership of real property by prescription, and although he may add to his own time of possession that of his predecessor in interest, it is necessary to prove the title by which the latter was in possession so as to enable the court to determine whether or not it is sufficient for the acquisition of ownership.

ID.—EVIDENCE.—In proceedings with respect to the ownership of real property the witnesses must state their real age, and not limit themselves to testifying that they are of legal age, since this is a material defect in this class of evidence when it is thereby sought to show facts which occurred at remote periods.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan at the instance of Joseph Rieger for the purpose of obtaining a declaration of ownership of a rural estate, which case is pending before us on an appeal taken from the judgment rendered by the said district court, which reads as follows:

"San Juan, Porto Rico, September 1, 1903. On the 22d of April of the present year Attorney Juan de Guzmán Benítez, as the representative of Joseph Rieger, made application to this court and alleged that some three months before his client purchased from Manuel Andino a rural estate in *barrio* 'Buena Vista,' Bayamón, composed of 28 *cuerdas* and 50/100 of another *cuerda* of land, being equivalent to 11 hectares, 20 ares, 16 centares, 40 square centimeters, bounded on the north by lands of José Andino; on the south by lands of Patricia Arvelez, Carmen Ayala and Dorotea Marrero; on the east by lands of Jesus Marrero, Carmen Ortega and Tiburcio Andino, whose property is separated from the estate by the waters of a brook, and lands of Dorotea Andino; and on the west by lands of Tiburcio Andino, whose property is separated by the Buena Vista highway; the value of the property being five hundred and sixty dollars. That both he and the vendor being without any title of ownership, he instituted these proceedings for the purpose of obtaining one in accordance with article 395 of the Mortgage Law, by means of the testimony

título de d'ominio, promovió este expediente con objecto de obtenerlo con arreglo al artículo 395 de la Ley Hipotecaria, con la información testifical, y pidiendo que con las citaciones legales y previos los demás requisitos de la ley, se declare el dominio de la finca referida á favor de su representado, y evacuado el traslado por el Ministerio Fiscal, se publicaron los edictos en el Heraldo Español y citados los colindantes y poseedor anterior, declararon tres testigos que son mayores de edad, sin expresar el número de años que tiene cada una, que Manuel Andino poseía la finca por más de veinte años quieta y pacífimente, sin interrupción de nadie, pagando las contribuciones y que la parte promovente hubo la finca descrita por compra á Manuel Andino, hace el espacio. de tres meses, añadiendo que el poseedor actual y su vendedor han poseído la finca de. buena fé y con justo título.

*Resultando*: que celebrada la comparecencia verbal que determina la ley, con citación del Sr. Fiscal, compareció el abogado representante del promovente, el que alegó lo que estimó conveniente á su derecho.

*Considerando*: que la información testifical practicada no llena los requisitos de un criterio racional para justificar un dominio en derecho, pues la parte promovente no lleva tiempo de posesión bastante para justificar un título por prescripción, aun poseyendo la finca con título justo y no existe prueba del justo título del poseedor anterior y los testigos además de no declarar el número de años que tienen, punto esencial, éste cuando se trata, como en el presente caso, de una posesión de más de 20 años, no han declarado la razón de su dicho.

Se declara sin lugar la solicitud de dominio interesada. Así lo acordaron y firman los Jueces del Tribunal. Certifico.—Frank H. Richmond, José Tous Soto, Otto Schoenrich. Luis Méndez Vaz.''

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, á la que solo asistió el Sr. Fiscal de este Tribunal Supremo que impugnó el recurso.

Abogado del apelante: *Sr. Guzmán Benítez (Juan)*.

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

of witnesses and asked that the legal citations be issued and that, after compliance with the other requirements of the law, the owner-ship of the estate in question be declared in favor of his client. The papers having been referred to the Department of Justice for exam-ination and having been returned, the notices were published in the 'Heraldo Español,' and the adjoining property owners and the former possessor having been cited, three witnesses testified that they are of legal age, but without stating their respective ages in years; that Ma-nuel Andino was in the quiet and peaceable possession of the property for more than twenty years, without interruption on the part of any one, paying taxes thereon; and that the claimant acquired the estate described by purchase from Manuel Andino three months before; add-ing that the present possessor and the vendor have been in possession of the estate in good faith and under a proper title.

"The verbal hearing prescribed by law having been held, after service of citation upon the *Fiscal*, the attorney for the petitioner ap-peared and alleged such matters as he deemed proper in support of his claim.

"The examination of the witnesses held does not fulfill the require-ments upon which to base a rational opinion regarding the establish-ment of ownership in law, since the petitioner has not been in posses-sion a sufficient length of time to prove title by prescription, although in possession of the estate under a proper title; and there is no evi-dence of a proper title of the former possessor, and the witnesses, be-sides failing to testify as to their ages, this being an essential point when, as in the present case, possession for more than twenty years is involved, have not given the reasons for their statements.

"The application made for a declaration of ownership is denied. It was so ordered and signed by the judges of the court, to which I certify: Frank H. Richmond, José Tous Soto, Otto Schoenrich.—Luis Méndez Vaz."

From this judgment counsel for the petitioner took an ap-peal, which was allowed for a review and stay of proceedings, and the record having been sent up to this court, after citation of the parties, and the appellant having appeared, the appeal was conducted according to the proper procedure and a day set for the hearing, at which no one appeared except the *Fiscal* of this Supreme Court, who opposed the appeal.

Mr. *Guzmán Benítez (Juan)*, for appellant.

Mr. *del Toro, Fiscal*, for the People.

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que la información propuesta no ofrece méritos bastantes para dictar la declaratoria de dominio que se interesa, pues el promovente sólo acredita estar en posesión de los terrenos de que se trata, hace tres meses, que no es tiempo bastante para adquirir por prescripción el dominio de los bienes inmuebles, y si bien los testigos presentados agregan que el causante del peticionario poseyó por más de 20 años, quieta y pacificamente, y con justo título, no se determina éste para que el Tribunal pueda apreciar si era bastante para la adquisición del dominio, ni los testigos dan razón de su dicho, ni expresan la verdadera edad que tengan, sino que se limitan á decir que son mayores de edad, defecto muy capital en la prueba de testigos, cuando se trata de acreditar hechos pasados desde tan remota fecha.

*Vistos* el artículo 395 de la Ley Hipotecaria, y las demás disposiciones legales de aplicación al caso.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

### Ex Parte Fernández.

Apelación procedente de la Corte de Distrito de San Juan.

No. 73.—Resuelto en Mayo 12, 1904.

Dominio—Escrito Inicial—Título Escrito.—El medio supletorio que establece la Ley Hipotecaria para acreditar el dominio mediante información, solo puede ser utilizado por los que carezcan de título escrito de dominio, por lo que es necesario consignar esta circunstancia en el escrito inicial promoviendo el expediente.

· Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

The evidence taken does not present sufficient grounds upon which to base the declaration of ownership requested, inasmuch as the petitioner merely shows that he was in possession of the lands in question for three months, which is not sufficient time to acquire the ownership of real property by prescription; and although the witnesses produced add that the predecessor in interest of the petitioner was in the quiet and peaceable possession of the property for more than twenty years, under a proper title, the nature of the same is not indicated in such manner as to enable the court to determine whether it was sufficient for the acquisition of ownership. Neither do the witnesses give reasons for their statements nor do they state their true age, but limit themselves to testifying that they are of legal age, this being a material defect in the testimony of witnesses when it is sought to establish facts which occurred at such a remote date.

Having examined article 395 of the Mortgage Law and the other legal provisions applicable to the case, we adjudge that we ought to affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.